1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| NINTENDO OF AMERICA INC., a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SERGIO MOJARRO MORENO a/k/a SERGIO MOJARRO a/k/a MIKEL EUSKALDUNAK and DOES 1-10,<br><br>Defendants. | Case No.: 8:18-cv-02196-JLS-ADS<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

Pursuant to the Stipulation and Joint Motion for Entry of Judgment and Permanent Injunction filed on December 20, 2019, the Court makes the findings and orders set forth below.

The Court FINDS as follows:

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and under 28 U.S.C. §§ 1338(b) and 1367(a);

2. Nintendo is a world-famous brand and Nintendo's video game systems (such as Nintendo Switch, Nintendo 3DS, Nintendo Entertainment System ("NES"), Super Nintendo Entertainment Systems ("SNES") and Wii) and Nintendo games (such as Super Mario Bros., Mario Kart, Pokemon, Donkey Kong,

and The Legend of Zelda), along with its iconic characters (such as Mario, Link, Pikachu and Donkey Kong) are well-known and loved among consumers in the United States and abroad. The popularity of Nintendo's video game systems, video games, and characters are the result of substantial creative and financial investment in product development, game development, intellectual property, and marketing. Nintendo has received many awards for its pioneering contributions to the video game industry and is an acknowledged leader in the field. Nintendo has earned tremendous consumer awareness and goodwill through its commitment to developing innovative, fun, and exciting video game systems and video games. Nintendo video game systems and video games are enjoyed by tens of millions of consumers in the United States and abroad and have extensive patent, trademark, trade dress and copyright protections. Nintendo sells its video game systems and video game products throughout the United States;

3. Nintendo has sold and continues to sell the famous Nintendo video game systems, video games, and related products, including, but not limited to, the products listed in paragraph 2;

4. In connection with its gaming products, Nintendo has developed extensive intellectual property protection, including trademark and copyright protection;

5. Nintendo owns numerous and valid copyright registrations, each of which were duly and legally issued by the U.S. Copyright Office, related to the its video game systems and video games, including, without limitation, those identified in Exhibit A attached hereto, which are in full force and effect, and are enforceable by Nintendo (collectively, the "Registered Copyrights");

6. Nintendo owns hundreds of trademarks, including the federal trademark registrations with the U.S. Patent and Trademark Office, including, without limitation, those identified in Exhibit B attached hereto, which are in full force and effect, enforceable, and many of which are incontestable under the

Lanham Act, 15 U.S.C. § 1065 (collectively, the "Registered Trademarks");

7. Nintendo has used the Registered Copyrights and Registered Trademarks in connection with the promotion, advertising and sale of its video game systems, video games, and related products, including, but not limited to, the products listed in paragraph 2, since well before the acts of Defendant complained of herein;

8. At all times relevant hereto, Nintendo's Registered Copyrights and Registered Trademarks have been continually used by Nintendo throughout the world and in the United States, including California, on or in connection with the design, manufacture, distribution, sale and promotion of its products;

9. As a result of Nintendo's widespread and continued use, advertisement and promotion of its products in connection with Nintendo's Registered Trademarks, they have become widely known and recognized as identifying Nintendo as a source of a wide variety of video game consoles, video games, and related goods, including, but not limited to, the products listed in paragraph 3, and as distinguishing such goods from those of others. Nintendo's Registered Trademarks have come to represent and symbolize the excellent reputation of Nintendo's products and Nintendo's valuable goodwill among members of the public throughout the world and in the United States, including California;

10. Defendant acknowledges that the Registered Copyrights and Registered Trademarks are valid and enforceable in all respects; and

11. Defendant acknowledges that Nintendo's technological protection measures are valid.

The Court ORDERS as follows:

1. Doe defendants Nos. 1-10 are dismissed without prejudice;

2. Defendant and his agents, successors and assigns, and all persons in active concert or participation with him who receive actual notice of this order by

personal service or otherwise, are enjoined pursuant to Rule 65 of the Federal Rules of Civil Procedure from engaging in any of the following activities and shall not, without the express permission of Nintendo:

    a.    Circumvent, offer services to the public for the purpose of circumventing, manufacture, import, distribute, offer for sale, or otherwise provide any technologies, devices, and/or components that circumvent Nintendo's technological protection measures, nor any other Nintendo technological protection measure that will be used in connection with any copyrighted works owned by Nintendo, including the Registered Copyrights, owned by Nintendo or any of its related companies;

    b.    Sell, rent, distribute, expose or offer for sale or rental, or exhibit in public, possess for the purpose of selling, renting, distributing or trading, or importing for the purpose of selling, renting, distributing or trading any unauthorized copies of works to which Nintendo or any of its related companies owns the copyright or any substantial parts thereof, including Nintendo's Registered Copyrights, or any goods containing unauthorized copies of works to which Nintendo or any of its related companies owns the copyright or any substantial parts thereof, including Nintendo's Registered Copyrights;

    c.    Use the Internet or any digital network to provide services to the public that enable copyright infringement of Nintendo's Registered Copyrights;

    d.    Distribute, import, advertise, promote, display, manufacture, offer for sale, sell, or otherwise use Nintendo's Registered Trademarks, or any other trademarks owned by Nintendo or any of its related companies, in association with any goods or services;

    e.    Infringe upon or misappropriate any of Nintendo's intellectual property, including the Registered Copyrights and Registered Trademarks, and/or the intellectual property rights of any of Nintendo's affiliated companies;

    f.    Challenge the ownership, validity, or enforceability of any

intellectual property right owned by Nintendo or any of its related companies, including its Registered Copyrights, Registered Trademarks, and the validity of any technological protection measures employed by Nintendo, in any forum in the future;

    g.  Engage in any hacking, modification, or circumvention of Nintendo's technological protection measures in any of Nintendo's software, hardware, game consoles and/or any computer program that is or may be commercialized or developed by or on behalf of Nintendo or any of Nintendo's affiliated companies;

    h.  Decompile or reverse engineer any computer program or software that is or may be commercialized or developed by or on behalf of Nintendo or any of Nintendo's affiliated companies;

    i.  Attempt to perform any of the acts identified in paragraphs 2(a) through 2(h) above; and

    j.  Assist, aid or abet any third party in performing any of the acts identified in paragraphs 2(a) through 2(i) above;

  3.  Defendant shall, within three (3) days of entry of this Stipulated Judgment and Permanent Injunction, provide written certification to Nintendo, representing that Defendant, including any of his agents, were not in possession of any circumvention devices, including but not limited to any software related to circumventing Nintendo systems, any software that extracts Nintendo video games directly from the original copy, any physical devices, such as SX Pro or Trinket M0 chip, that are used to circumvent Nintendo systems, any memory cards containing illegally downloaded copies of any Nintendo video games, any modded Nintendo devices, or unauthorized copies of Nintendo video games, including but not limited to Super Smash Bros. Ultimate before it was released for sale in the United States, at the date of entry of this Stipulated Judgment and Permanent Injunction, or, if Defendant, including any of his agents, were in possession of any

circumvention devices, including but not limited to any software related to circumventing Nintendo systems, any software that extracts Nintendo video games directly from the original copy, any physical devices, such as SX Pro or Trinket M0 chip, that are used to circumvent Nintendo systems, any memory cards containing illegally downloaded copies of any Nintendo video games, any modded Nintendo devices, or unauthorized copies of Nintendo video games, including but not limited to Super Smash Bros. Ultimate before it was released for sale in the United States, that Defendant provide a list of those items in his or his agents' possession and that they have been destroyed;

4. Judgment is hereby entered in favor of Nintendo on each and every claim for relief in Nintendo's First Amended Complaint;

5. Each party shall bear its own costs and attorneys' fees; and

6. This Court shall retain jurisdiction to consider any dispute or action to enforce the terms of this Judgment and Permanent Injunction or of the parties' Agreement, the terms of which are incorporated by reference.

**IT IS SO ORDERED.**

DATED: December 30, 2019

_____
Honorable Josephine L. Staton
United States District Judge